```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

SABAL TRAIL TRANSMISSION, LLC,   *

    Plaintiff,                  * CASE NOS.
                                          4:16-cv-00108
vs.                               * 4:16-cv-00119
                                          4:16-cv-00125
REAL ESTATE, *et al.*,            *

    Defendants.                 *

## O R D E R

Plaintiff Sabal Trail Transmission, LLC seeks to condemn easements across parcels of land in Georgia so that it can build an interstate natural gas pipeline. As discussed in more detail below, it is not clear from the present record whether certain Defendants in three of the condemnation actions have been served with notice of the condemnation proceeding as required by Federal Rule of Civil Procedure 71.1(d)(3). Sabal Trail is ordered to file a status report regarding the status of service on these Defendants. The status report is due by May 26, 2016.

## DISCUSSION

Under Federal Rule of Civil Procedure 71.1(d)(3)(A), Sabal Trail was required to make personal service of the notice of the condemnation action on defendants who reside in the United States "whose address is known." If the address of a defendant is not known, service may be accomplished by publication. Fed.

R. Civ. P. 71.1(d)(3)(B). "A defendant may be served by publication *only* when the plaintiff's attorney files a certificate stating that the attorney believes the defendant cannot be personally served, because after diligent inquiry within the state where the complaint is filed, the defendant's place of residence is still unknown or, if known, that it is beyond the territorial limits of personal service." Fed. R. Civ. P. 71.1(d)(3)(B)(i) (emphasis added). After the certificate of diligent inquiry is filed, service can be made by publication "once a week for at least 3 successive weeks--in a newspaper published in the county where the property is located." *Id.* Service by publication is complete on the date of the last publication. Fed. R. Civ. P. 71.1(d)(3)(B)(ii).

For most Defendants in these actions, Sabal Trail filed a declaration of proof of service showing the date on which the Defendant was personally served with a notice of condemnation proceeding as required by Rule 71.1(d)(3)(A). For some Defendants, Defendants filed a Notice of Diligent Search and of Need to Serve by Publication, ran the required notice in the appropriate newspaper, and filed a certificate of service stating that notice by publication was complete as required by Rule 71.1(d)(3)(B). This Order is concerned with the rest of the Defendants—those who were not listed in a Notice of Diligent

2

Search and for whom the Court could not locate a declaration of proof of service in the present record.

## I.    4:16-cv-108 (Estate of Elijah Moore, *et al.*)

There are twenty-eight Defendants in this action. Sabal Trail filed declarations of proof of service for fourteen of these Defendants.[1] Sabal Trail filed a "Certificate of Diligent Search and of Need to Serve by Publication" for eleven of the Defendants and any unknown owners: Estate of Elijah Moore; Joe Dean Wheeler; Ronald Wheeler; Myrtle McIntyre; Alvin C. Dent; Lucious Dent; Martha Moore Hill; Thelma Dent Morrison; Cora Moore; Hubert Moore; and Dorothy Moore. Certificate of Diligent Search, ECF No. 7 in 4:16-cv-108. Sabal Trail also filed a "Certificate of Service by Publication" stating the notice of condemnation was published in *The Camilla Enterprise* on March 30, 2016, April 6, 2016, and April 13, 2016. Certificate of Service by Publication Ex. B, Publisher's Affidavit, ECF No. 17-2 in 4:16-cv-108.

---

[1] Alfonzo Wheeler (ECF Nos. 14-13 & 14-14 in 4:16-cv-108); Alonzo Hill, Jr. (ECF Nos. 14-3 & 14-4 in 4:16-cv-108); Bettye Jean Wheeler (ECF Nos. 14-11 & 14-12 in 4:16-cv-108); Beverly Davila (ECF Nos. 15-1 & 15-2 in 4:16-cv-108); Catherine B. Moore (ECF Nos. 14-5 & 14-6 in 4:16-cv-108); Ciscero Wheeler (ECF Nos. 15-3 & 15-4 in 4:16-cv-108); Herman Leon Moore, Jr. (ECF Nos. 14-7 & 14-8 in 4:16-cv-108); Jerri Lin Moore (ECF Nos. 14-9 & 14-10 in 4:16-cv-108); John Dean Wheeler (ECF Nos. 15-5 & 15-6 in 4:16-cv-108); Lillian M. Williams (ECF Nos. 14-1 & 14-2 in 4:16-cv-108); Manuel Nenez (ECF Nos. 14-15 & 14-16 in 4:16-cv-108); Mitchell Electric Membership Corporation (ECF Nos. 14-17 & 14-18 in 4:16-cv-108); Nationwide Mutual Fire Insurance Co. (ECF Nos. 12-3 & 14-19 in 4:16-cv-108); United States Of America (ECF Nos. 12-1 & 12-2 in 4:16-cv-108).

The Court could not locate in the present record a declaration of proof of service for three Defendants: Elijah N. Wheeler, Johnnie Coleman Wheeler, and Terry Jerome Moore. In a footnote of its Certificate of Service by Publication, Sabal Trail stated that it learned the addresses of Elijah N. Wheeler and Johnnie Coleman Wheeler following the last publication of the condemnation notice on April 13, 2016 and that Sabal Trail mailed each of them a copy of the notice of condemnation and other documents. Certificate of Service by Publication 1 n.1, ECF No. 17. But neither Elijah N. Wheeler nor Johnnie Coleman Wheeler is listed in the Certificate of Diligent Search (ECF No. 7 in 4:16-cv-108) or in the published notice of condemnation action (ECF No. 17-1 in 4:16-cv-108), so it is not clear that these two Defendants have been properly served under Rule 71.1(d)(3). It is also not clear that Terry Jerome Moore has been properly served.

**II.  4:16-cv-119 (Estate of Richard & Bobbie Alston, *et al.*)**

There are twenty-nine Defendants in this action. Sabal Trail filed declarations of proof of service for eighteen of these Defendants.[2] Sabal Trail filed a "Certificate of Diligent

---

[2] Corrick Alston (ECF Nos. 12-15 & 14-3 in 4:16-cv-119); Day'Unna Alston (ECF Nos. 12-13 & 12-14 in 4:16-cv-119); Dorothy Alston Coleman (ECF Nos. 12-24 & 12-25 in 4:16-cv-119); Dorothy Louise Alston (ECF Nos. 12-7 & 12-8 in 4:16-cv-119); Gabriel Johnson (ECF Nos. 12-30 & 12-31 in 4:16-cv-119); Jarrett Alston (ECF Nos. 14-1 & 14-2 in 4:16-cv-119); King Alston (ECF Nos. 12-5 & 12-6 in 4:16-cv-119); Labreka Morris (ECF Nos. 12-18 & 12-19 in 4:16-cv-119); La'Sherra Alston

Search and of Need to Serve by Publication" for eight of the Defendants and any unknown owners: Estate of Richard Alston and Bobbie Alston; Minnie Mitchell; Shirley Armstrong; John Alston; Mary Alston; Valerie Alston; Marvin Alston; and Bernece Alston. Certificate of Diligent Search, ECF No. 7 in 4:16-cv-119.  Sabal Trail also filed a "Certificate of Service by Publication" stating the notice of condemnation was published in *The Dawson News* on March 24, 2016, March 31, 2016, and April 7, 2016. Certificate of Service by Publication Ex. B, Publisher's Affidavit, ECF No. 16-2 in 4:16-cv-119.

The Court could not locate in the present record a declaration of proof of service for three Defendants: April Cannon a/k/a April Mobley, Tenesha Huckaby, and Barbara Alston Sherman.  None of these Defendants is listed in the Certificate of Diligent Search (ECF No. 7 in 4:16-cv-119) or in the published notice of condemnation action (ECF No. 16-1 in 4:16-cv-119).  In summary, it is not clear that April Cannon a/k/a April Mobley, Tenesha Huckaby, and Barbara Alston Sherman have been properly served under Rule 71.1(d)(3).

---

Rogers (ECF Nos. 12-11 & 12-12 in 4:16-cv-119); Mae Ola Alston Barge-Ra'Oof (ECF Nos. 12-26 & 12-27 in 4:16-cv-119); Marvin Alston (ECF Nos. 12-22 & 12-23 in 4:16-cv-119); Melvin Gene Alston (ECF Nos. 12-28 & 12-29 in 4:16-cv-119); Richard Lee Alston, Jr. (ECF Nos. 12-1 & 12-2 in 4:16-cv-119); Shabricca Jackson (ECF Nos. 12-20 & 12-21 in 4:16-cv-119); Teresa Alston Harris (ECF Nos. 12-32 & 12-33 in 4:16-cv-119); Vangela Hall (ECF Nos. 12-16 & 12-17 in 4:16-cv-119); Wanda Dodson Alston (ECF Nos. 12-9 & 12-10 in 4:16-cv-119); Willie James Alston (ECF Nos. 12-3 & 12-4 in 4:16-cv-119).

**III. 4:16-cv-125 (Estate of Willie & Josephine Walker, *et al.*)**

There are thirty-one Defendants in this action. Sabal Trail filed declarations of proof of service for seventeen of these Defendants.[3] Sabal Trail filed a "Certificate of Diligent Search and of Need to Serve by Publication" for four of the Defendants and any unknown owners: Estate of Willie C. Walker, Jr. and Josephine Walker; Leon Walker; Tomekia Zachary; and Steven Jones. Certificate of Diligent Search, ECF No. 7 in 4:16-cv-125. Sabal Trail also filed a "Certificate of Service by Publication" stating the notice of condemnation was published in *The Stewart Webster Journal Patriot Citizen* on March 24, 2016, March 31, 2016, and April 7, 2016. Certificate of Service by Publication Ex. B, Publisher's Affidavit, ECF No. 22-2 in 4:16-cv-125.

The Court could not locate in the present record a declaration of proof of service for ten Defendants: Angel Silas,

---

[3] Anthony Flannigan (ECF Nos. 14-19 & 14-20 in 4:16-cv-125); Arthur Battle, Jr. (ECF Nos. 14-21 & 14-22 in 4:16-cv-125); Darnell Flannigan (ECF Nos. 14-17 & 14-18 in 4:16-cv-125); Deborah Bolton (ECF Nos. 14-3 & 14-4 in 4:16-cv-125); Gregory Flannigan (ECF Nos. 14-13 & 14-14 in 4:16-cv-125); Jermaine Davis (ECF Nos. 14-29 & 14-30 in 4:16-cv-125); Joseph Yancey (ECF Nos. 14-15 & 14-16 in 4:16-cv-125); Lee Owen Walker, Jr. a/k/a Leon Owen Walker, Jr. (ECF Nos. 14-1 & 14-2 in 4:16-cv-125); Malik Silas (ECF Nos. 48-1 in 4:16-cv-97 & 14-7 & 14-8 in 4:16-cv-125); Paul Walker (ECF No. 49-1 in 4:16-cv-97 & 14-27 & 14-28 in 4:16-cv-125); Regina Walker (ECF Nos. 14-5 & 14-6 in 4:16-cv-125); Teressa W. Johnson (ECF Nos. 14-11 & 14-12 in 4:16-cv-125); Tommie Walker, II (ECF Nos. 14-9 & 14-10 in 4:16-cv-125); Tommie Walker, III (ECF Nos. 17-1 & 17-2 in 4:16-cv-125); Tony Walker (ECF Nos. 50-1 in 4:16-cv-97 & 14-23 & 14-24 in 4:16-cv-125; Travis Walker (ECF No. 51-1 in 4:16-cv-97 & 14-25 & 14-26 in 4:16-cv-125); W.C., a Minor (ECF No. 52-1 in 4:16-cv-97).

Bryan Battle, Candace Flannigan, Iris Davis, Kelvin Battle, Michael Silas, Sebrina Davis, Senoia Davis, Sherrice Flannigan, and Tanesha Battle.  None of these Defendants is listed in the Certificate of Diligent Search (ECF No. 7 in 4:16-cv-125) or in the published notice of condemnation action (ECF No. 22-1 in 4:16-cv-125).  In summary, it is not clear that these ten Defendants have been properly served under Rule 71.1(d)(3).

## CONCLUSION

By May 26, 2016, Sabal Trail shall file a status report regarding the status of service on the following Defendants:

```
Elijah N. Wheeler (4:16-cv-00108)
Johnnie Coleman Wheeler (4:16-cv-00108)
Terry Jerome Moore (4:16-cv-00108)
April Cannon a/k/a April Mobley (4:16-cv-00119)
Barbara Alston Sherman (4:16-cv-00119)
Tenesha Huckaby (4:16-cv-00119)
Angel Silas (4:16-cv-00125)
Bryan Battle (4:16-cv-00125)
Candace Flannigan (4:16-cv-00125)
Iris Davis (4:16-cv-00125)
Kelvin Battle (4:16-cv-00125)
Michael Silas (4:16-cv-00125)
Sebrina Davis (4:16-cv-00125)
Senoia Davis (4:16-cv-00125)
Sherrice Flannigan (4:16-cv-00125)
Tanesha Battle (4:16-cv-00125)
```

IT IS SO ORDERED, this 20th day of May, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
