```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

SABAL TRAIL TRANSMISSION, LLC,    *

     Plaintiff,                   *
                                       CASE NO.
vs.                               * 4:16-cv-108 (Estate of Elijah
                                       Moore et al.)
REAL ESTATE et al.,               *

     Defendants.                  *
```

O R D E R

Presently pending before the Court is Plaintiff Sabal Trail Transmission, LLC's summary judgment motion on the issue of just compensation in this condemnation action. As discussed below, the Court grants Sabal Trail's motion (ECF No. 40) and finds that $2,700.00 is just compensation for the easements.

**I.  Background**

Plaintiff Sabal Trail Transmission, LLC received authorization from the Federal Energy Regulatory Commission to build an interstate natural gas pipeline. Sabal Trail brought this condemnation action under the Natural Gas Act, 15 U.S.C. §§ 717-717z, seeking permanent and temporary easements over one tract of land in Mitchell County, Georgia. According to Sabal Trail, the property was part of the Estate of Elijah Moore, and Sabal Trail named as Defendants in this action the Estate and individuals "known to have or claim an interest in the Property from which easements and associated rights are

sought to be condemned." Compl. ¶ 5, ECF No. 1. Sabal Trail also named as a Defendant the United States of America because the Internal Revenue Service recorded a tax lien on the property for the liability of Defendant Elijah Wheeler. *Id.* Each Defendant was served personally with notice of this action in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(A) or by publication in accordance with Federal Rule of Civil Procedure 71.1(d)(3)(B).

On June 10, 2016, the Court concluded that Sabal Trail was entitled to possession of the easements it sought once it posted a security bond. *Sabal Trail Transmission, LLC v. Estate*, No. 4:16-CV-108, 2016 WL 3248367, at *7, *15 (M.D. Ga. June 10, 2016), amended, No. 4:16-CV-108, 2016 WL 3251577 (M.D. Ga. June 10, 2016). Sabal Trail posted the security bond on July 1, 2016. Pl.'s Notice of Posting Security Bonds, July 1, 2016, ECF No. 30. The only remaining issue is just compensation.

**II. Discussion**

Just compensation means "the fair market value of the property on the date of the taking." *United States ex rel.TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016) (citing *United States v. Miller*, 317 U.S. 369, 373-74 (1943)). In a partial takings case like this one, just compensation "is the difference in fair market value of the whole tract before and after the taking." *Id.* (quoting *United States ex rel. TVA*

2

*v. Easements and Rights-of-Way over 6 Acres of Land*, 117 F. App'x 422, 423 (6th Cir. 2004)); *accord United States v. 33.92356 Acres Of Land*, 585 F.3d 1, 9 (1st Cir. 2009) (collecting cases); *United States v. 68.94 Acres of Land, More or Less, Situate in Kent Cty., State of Del.*, 918 F.2d 389, 393 (3d Cir. 1990). Generally, "market or comparable sales data . . . is the best evidence of market value." *1.72 Acres of Land in Tenn.*, 821 F.3d at 757.

Sabal Trail argues that just compensation for the easements in this case is $2,700.00. Pl.'s Mot. for Summ. J. 2, ECF No. 40-1. Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this condemnation case, Defendants have the "burden to prove, by a preponderance of the evidence, what amount constitutes just compensation." *1.72 Acres of Land in Tennessee*, 821 F.3d at 756. Defendants were entitled to "present evidence on the amount of compensation to be paid." Fed. R. Civ. P. 71.1(e)(3). None of the Defendants responded to Sabal Trail's summary judgment motion or presented any evidence on what amount constitutes just compensation for the easements.

Sabal Trail did present evidence on the issue of just compensation: the expert report of Zac Ryan, a certified real property appraiser. Ryan Report, ECF No. 42 at 6-103. Ryan

3

conducted an appraisal of the property and concluded that the "before" value of the parcel as of July 1, 2016 was $425,000 and the "after" value, taking into account the temporary and permanent easements, was $422,300.  *Id.* at 8.  Therefore, according to Ryan, just compensation for the easements in this case is $2,700.00.  *Id.*  Again, Defendants did not present any evidence on the issue of just compensation.  Based on the evidence before it, the Court concludes that $2,700 is just compensation for the easements in this case.

**III. Payment of Compensation by Sabal Trail and Claimant's Application for Obtaining Disbursement**

Within twenty-eight days of the date of this Order, Sabal Trail shall pay into the registry of the Court $2,700 plus prejudgment interest from the date of the taking (July 1, 2016), which shall be calculated at a legal rate of interest of seven percent per annum simple interest.  Once this amount is paid into the registry of the Court, the security bond previously posted by Sabal Trail shall be released.

Defendants may apply to the Court for distribution of the award in accordance with their respective ownership interests. Defendants may apply for a distribution of the award by sending an application to the Clerk of Court, P.O. Box 124, Columbus GA 31902.  The Clerk shall docket each application electronically. The application should include:

4

- The applicant's name, address, and email address (if any).

- The applicant's claimed interest in the property and the basis for that claim.

- Proof of the applicant's interest in the property.

Applications must be postmarked by **December 1, 2017.** Any questions regarding the application process should be directed to the Clerk's office via telephone (706-649-7816) or email ([columbus.ecf@gamd.uscourts.gov](columbus.ecf@gamd.uscourts.gov)). If multiple applications are received, the Court will schedule a hearing to determine how the proceeds should be distributed.

**IV. Providing Notice to Defendants**

With the exception of the United States of America, none of the Defendants have registered for electronic filing through the Court's electronic filing system and thus will not receive electronic notice of this Order automatically. The Clerk shall serve a copy of this Order via U.S. mail on each of the Defendants listed in Appendix A to this Order. And, within seven days of the date of this Order, Sabal Trail shall mail a copy of this Order to any Defendant who is not listed in Appendix A but whose address is known to Sabal Trail.

Sabal Trail shall also assist the Court with service of this Order by publication on those Defendants whom Sabal Trail represents could not be located despite a diligent search. Those Defendants are listed in Appendix B to this Order. Based

on Sabal Trail's prior representations, the appropriate newspaper for publication of this notice is *The Camilla Enterprise*. Within twenty-eight days of the date of this Order, Sabal Trail shall:

1. Prepare for the Clerk of Court's signature a cover letter to the publisher providing instructions for publishing the notice in accordance with the requirements set forth in Federal Rule of Civil Procedure 71.1(d)(3)(B).[1]

2. Provide to the Clerk a check made out to the publisher for the cost of publishing the notice; and

3. Prepare and submit to the Clerk a proposed notice to be published.

Once Sabal Trail provides the cover letter, check, and proposed notice to the Clerk, the Clerk shall submit these items to the publisher and cause publication of the notice. The Clerk shall note on the docket when this task is complete. Once publication is complete, Sabal Trail shall obtain and submit to the Court via CM/ECF a publisher's affidavit demonstrating that the notice was published.

**V. Legal Title to Easements**

After Sabal Trail pays into the registry of the Court the amount stated above and files the publisher's affidavit demonstrating that notice of this Order was published, Sabal Trail shall submit to the Court a proposed final order vesting

---

[1] The Court recognizes that Rule 71.1(d)(3)(B) provides the procedure for service of an initial condemnation notice by publication. The Court finds that this procedure should be used to notify Defendants who could not be located of the just compensation award and the process for applying for a share of the award.

6

Sabal Trail with legal title to the permanent and temporary easements.

IT IS SO ORDERED, this 17th day of August, 2017.

                                         S/Clay D. Land
                                         CLAY D. LAND
                                         CHIEF U.S. DISTRICT COURT JUDGE
                                         MIDDLE DISTRICT OF GEORGIA

## APPENDIX A

The Clerk shall serve a copy of this Order via U.S. mail on each of the following Defendants:

Beverly Davila
14890 Faversham Circle
Orlando, FL 32826

Alonzo Hill, Jr.
606 Vera Street
Daytona Beach, FL 32114

Catherine B. Moore
1053 Continental Drive
Daytona Beach, FL 32117

Herman Leon Moore, Jr.
1117 Jarecki Avenue
Holly Hills, FL 32117

Jerri Lin Moore
1053 Continental Drive
Daytona Beach, FL 32117

Nationwide Mutual Fire Insurance Co.
c/o Corporation Service Company Registered Agent
40 Technology Pkwy South, #300
Norcross, GA 30092

Nationwide Mutual Fire Insurance Co.
c/o Candace Boutwell Boutwell & Associates, LLC
2280 Satellite Boulevard Building B
Duluth, GA 30097

Manuel Nenez
7102 Old GA Hwy 3
Camilla, GA 31730

Alfonzo Wheeler
135 Miller Street, SW
Baconton, GA 31716

Bettye Jean Wheeler
8977 Honeysuckle Road
Baconton, GA 31716

Ciscero Wheeler
384 East Gate Circle
Norman Park, GA 31771

Ciscero Wheeler
268 Shady Grove Rd
Moultrie, GA 31768

Elijah N. Wheeler
135 SW Miller Street
Baconton, GA 31716

John Dean Wheeler
GDC ID: 0000912656
Dooly State Prison
P.O. Box 750
Unadilla, GA 31091

Johnnie Coleman Wheeler
1967 Charleston House Way
Apartment 2106
Holly Hill, FL 32117

Lillian M. Williams
418 Fletcher Avenue
Daytona Beach, FL 32114

## APPENDX B

The following Defendants may be served with a copy of this Order by publication:

    Alvin C. Dent
    Lucious Dent
    Estate Of Elijah Moore
    Martha Moore Hill
    Myrtle McIntyre
    Cora Moore
    Dorothy Moore
    Hubert Moore
    Terry Jerome Moore
    Thelma Dent Morrison
    Joe Dean Wheeler
    Ronald Wheeler